IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| NICOLE HOWARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:24-cv-1296 (RDA/LRV) |
| | ) |
| INTERNATIONAL GOURMET FOODS, | ) |
| INC., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Plaintiff Nicole Howard's Motion to Remand (Dkt. 7) (the "Motion"). This Court has dispensed with oral argument as it would not aid in the decisional process. *See* Fed. R. Civ. P. 78(b); Local Civil Rule 7(J). This matter is fully briefed and ripe for disposition. Considering Plaintiff's Amended Complaint (Dkt. 6), Plaintiff's Motion to Remand and Memorandum in Support (Dkts. 7; 8), as well as Defendant's Memorandum in Opposition (Dkt. 14), and Plaintiff's Reply to Defendant's Opposition (Dkt. 16), this Court GRANTS Plaintiff's Motion to Remand and remands Plaintiff's remaining state law claim.

I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed her initial Complaint in the Circuit Court for the County of Fairfax, Virginia on May 16, 2024, against International Gourmet Foods, Inc. ("Defendant"). *See* Dkt. 1-1 at 3.[1] At the time it was removed, the Complaint asserted claims under both state and federal law. *See id.* at 9-31. Defendant removed the case to this Court on July 26, 2024, invoking the Court's federal question jurisdiction over Plaintiff's federal law claims. *See* Dkt. 1 at 1-2. Defendant then

---

[1] Docket Entry page citations utilize the CM/ECF header's pagination, not any original pagination.

filed a motion to dismiss on August 2, 2024, Dkt. 3, and Plaintiff filed her Amended Complaint on August 16, 2024, Dkt. 6. The Amended Complaint omitted any federal law claims and asserted only state law claims. *See* Dkt. 6 at 7-18. In her Amended Complaint, Plaintiff asserts claims under Va. Code § 2.2-3905(B), the Virginia Human Rights Act ("VHRA") for discrimination on the basis of her sex and race. Dkt. 6 at 1. The Amended Complaint requests Plaintiff be awarded, *inter alia*, $450,000 for Defendant's conduct in violation of her rights under Virginia Code § 2.2-3905(B), compensatory damages in the amount of $100,000, punitive damages of $350,000, reasonable attorney's fees, and any such further relief that the Court deems just and equitable. *Id.* at 18.

Plaintiff's Amended Complaint, Dkt. 6, is the operative complaint for the purposes of this motion. *See* Dkt. 10 (denying Defendant's prior Motion to Dismiss, Dkt. 3, as moot given Plaintiff's Amended Complaint). Plaintiff moved to remand on August 23, 2024, arguing that remand to state court is appropriate because her case now asserts no federal law claims over which this Court has original jurisdiction. *See* Dkt. 8 at 3. Defendant opposed remand on September 6, 2024, Dkt. 14, and Plaintiff filed a reply brief on September 12, 2024, Dkt. 16.

## II. LEGAL STANDARD

Pursuant to 18 U.S.C. §1367(a), "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within [their] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Nevertheless, even if a district court possesses supplemental jurisdiction over such claims, they may still decline to exercise that jurisdiction if "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claims over which the district court has original jurisdiction, (3) the district court has dismissed all

claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." *Id.* § 1367(c). A district court's decision to decline to exercise supplemental jurisdiction is subject to review for abuse of discretion. *Root v. County of Fairfax*, 371 Fed. App'x 432, 435 (4th Cir. 2010). "Among the factors that inform this discretionary determination are convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 2010).

### III.   ANALYSIS

Given that this case was originally removed on the basis of federal question jurisdiction and that no federal claim is currently asserted, this case turns on the application of the supplemental jurisdiction statute, 28 U.S.C. § 1367(a). Neither Plaintiff nor Defendant dispute that the Court may exercise supplemental jurisdiction over Plaintiff's state law claims. *See* Dkt. 8 at 2 (noting that "the Court retains supplemental jurisdiction over the state law claims"); Dkt. 14 at 2 (noting that "the Court has supplemental jurisdiction over the VHRA claims") (emphasis omitted and standardized capitalization used). This is so, because the Court possessed original jurisdiction over Plaintiff's Title VII claims of race and sex discrimination that were brought under 42 U.S.C. § 2000e2(a)(1), and Plaintiff's federal and state law claims were based on the same facts and same underlying legal theories, thus making them part of the same case or controversy. *See* Dkt. 1-1 at 12-34; *see also* 28 U.S.C. § 1367(a). Nevertheless, Plaintiff argues that the Court should decline to exercise supplemental jurisdiction and remand the case to state court. This Court agrees.

To begin with, the parties dispute which statutory provision governs the question of remand here. Plaintiff first argues that this case should be remanded to state court pursuant to 18 U.S.C. § 1367(c)(3). *See* Dkt. 8 at 3; *see also* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to

exercise supplemental jurisdiction over a claim . . . [if] the district court has dismissed all claims over which it has original jurisdiction."). Plaintiff further argues that such a remand is in the interest of preserving comity between state and federal courts, and that remand is supported by the interests of judicial economy. *See* Dkt. 8 at 3-4. On the other hand, Defendant argues that Section 1367(c)(3) does not apply, as the statute requires "*the district court* [to] dismiss[] all claims over which it has original jurisdiction," 28 U.S.C. § 1367(c)(3) (emphasis added). This language, Defendant avers, does not apply here, because *Plaintiff*, not the Court, amended her Complaint to remove the federal claims. Dkt. 14 at 5-13. That is, "eliminating a claim through an amendment does not constitute a dismissal by the court of that claim." *Id.* at 13.

This Court need not resolve the issue of whether Section 1367(c)(3) applies in this case, as it may decline to exercise supplemental jurisdiction based on Section 1367(c)(2) instead. *See* 28 U.S.C. § 1367(c)(2) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . [if] the [state law] claim substantially predominates over the claim or claims over which the district court has original jurisdiction."). Other courts outside this District have relied on Section 1367(c)(2) to remand cases in similar situations. In *Southard v. Newcomb Oil Co., LLC*, 7 F.4th 451 (6th Cir. 2021), the Sixth Circuit determined that when "the complaint was amended" to remove all federal claims, "the state-law claims necessarily predominated over the (now non-existent) federal claim." *Id.* at 455. The Fifth Circuit, too, has concluded that "state law claims predominate over . . . non-existent federal claims" when there is an amendment removing federal claims, and only state law claims remain. *Enochs v. Lampasas Cnty.*, 641 F.3d 155, 159 (5th Cir. 2011). This Court is persuaded by these out-of-circuit cases in conjunction with various other decisions within this Circuit. *See Sanks v. Int'l Gourmet Foods, Inc.*, No. 1:24-cv-1297, 2024 WL 4278271 (E.D. Va. Sept. 24, 2024) (holding that the court may and should remand the plaintiff's

remaining state law discrimination claims where the plaintiff filed an amended complaint removing his Title VII claims); *Calloway v. Cnty. of Powhatan, Virginia, Dep't of Soc. Servs.*, No. 3:22-cv-374, 2023 WL 2276863, at *1-*2 (E.D. Va. Feb. 28, 2023) (considering a case involving essentially the same issue, in which the plaintiff "amended her complaint as a matter of course . . . removing her federal claims," and then moved to remand to state court, the court counseled in favor of remand); *Boone v. CSX Transp., Inc.*, No. 3:17-cv-668, 2018 WL 1308914 (E.D. Va. Mar. 13, 2018) (holding, on similar facts, that discretionary remand was appropriate). Because no federal claims remain in this case, "the state law claims *ipso facto* predominate over any claims this Court had original jurisdiction over, so the Court has discretion to remand those state law claims to state court." *Sanks*, 2024 WL 4278271, at *2.

Having found that this Court may remand Plaintiff's state law claims, the Court must now determine whether such an exercise of discretion under Section 1367(c)(2) is appropriate. The Court may consider a number of factors, *inter alia*, "convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." *Shanaghan*, 58 F.3d at 110. Here, the second and third factors weigh strongly in favor of remand because no federal policy is implicated and because the court must use its discretion to avoid "[n]eedless decisions of state law . . . both as a matter of comity and to promote justice between the parties." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1968). The first and fourth factors – convenience and judicial economy – weigh only slightly against remand and only because there is a pending motion to dismiss. The Court notes, however, that no decision on the merits has been issued, and it will require little additional effort to make those same arguments before the state court after the case is remanded.

In sum, on balance, the relevant factors weigh in favor of remand, particularly given the lack of issues of federal policy or implication of federal laws in Plaintiff's claims. This Court will follow the decisions of other district judges in this District and decline to exercise supplemental jurisdiction over the state law claims. *Sanks*, 2024 WL 4278271, at *2. Therefore, the Court will grant the motion to remand.

### III. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that Plaintiff's Motion to Remand (Dkt. 7) is **GRANTED**; and it is

**FURTHER ORDERED** that this case is remanded to the Circuit Court for the County of Fairfax to adjudicate the state law claims in Plaintiff's Amended Complaint; and it is

**FURTHER ORDERED** that Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Dkt. 11) is **DENIED** as **MOOT**; and it is

**FURTHER ORDERED** that the Clerk of the Court is **DIRECTED** to place this matter among the ended causes.

The Clerk is directed to send a copy of this Order to all counsel of record.

It is SO ORDERED.

Alexandria, Virginia
November 20, 2024

/s/
Rossie D. Alston, Jr.
United States District Judge